UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

b

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 2:09-CR-00094-01 |
| VERSUS | JUDGE JAMES |
| SPENCER ROY PETE | MAGISTRATE JUDGE PEREZ-MONTES |

### *DE NOVO* REPORT AND RECOMMENDATION

Petitioner Spencer Roy Pete ("Pete") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 234) and a Motion for Discovery (Doc. 235). Because Pete has not carried his burden of proving that favorable, material evidence was withheld from him, his §2255 Motion and Motion for Discovery should be denied.

### I. Background

Pete was convicted pursuant to a guilty plea entered in October 2009 in the Western District of Louisiana, Lake Charles Division, on one count of conspiracy to possess with intent to distribute cocaine and cocaine base (Doc. 103). Pete was sentenced to 188 months of imprisonment (Doc. 140). Pete's sentence was affirmed on appeal (Doc. 183). Pete's sentence was later reduced to 155 months (Doc. 228).

Pete filed his first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and a Motion for Discovery in March 2018 (Docs. 234, 235).

A Report and Recommendation was issued, recommending the § 2255 Motion be denied and dismissed with prejudice (Doc. 237). Pete objected to that Report and Recommendation (Doc. 242). The Report and Recommendation was withdrawn and

the objection thereto was stricken (Doc. 248). The undersigned was ordered to file a *de novo* Report and Recommendation (Doc. 246).

The sole ground raised by Pete in his § 2255 Motion is whether his right to Due Process was violated by the Government's failure to disclose the district judge's alleged degenerative brain disorder and the "favors" the Lake Charles Police "owed" to the district judge (Doc. 234). Pete also contends the district judge's alleged brain disorder caused her to over-sentence him for unseized or fabricated drug quantities, impose inapplicable sentencing enhancements, and deprive him of "receiving credit-concurrent sentences" (Doc. 234). Pete asserts his claim is based on "newly discovered evidence" (Doc. 234).

II.  **Law and Analysis**

   A.  **Rule 8(a) Resolution**

The Court is able to resolve the merits of this § 2255 application without an evidentiary hearing because there is no genuine issue of material fact relevant to the claims of the petitioner, and the court records provide the required and adequate factual basis necessary to the resolution of the application. See United States v. Green, 882 F.2d. 999, 1008 (5th Cir. 1989); Section 2255 Rule 8(a).

   B.  **The law of § 2255 actions generally.**

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or

(4) the sentence is "otherwise subject to collateral attack." See 28 U.S.C. § 2255; United States v. Cates, 952 F.2d 149, 151 (5th Cir.), cert. den., 504 U.S. 962 (1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. See Cates, 952 F.2d at 151; see also United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

### C. Pete has not shown the prosecutor withheld exculpatory evidence.

Pete claims the district judge's alleged degenerative brain disorder was "exculpatory evidence" the government failed to disclose to him, citing Brady v. Maryland, 373 U.S. 83, 87 (1963). Pete argues that, had the evidence of the district judge's degenerative brain disorder and the pact-alliance she allegedly had with the Lake Charles Police Department been disclosed, he would not have been convicted and illegally sentenced. Pete also claims he would have filed pretrial motions and asserted "affirmative defenses." Pete alleges he would have exercised his Sixth Amendment Right to confront the district judge and police officers about their alleged misconduct.[1] Pete submitted a list of questions he would have asked the police officers and the district judge on "cross-examination."

Brady prohibits the prosecution from suppressing evidence favorable to an accused where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. See United States v. Dvorin, 817 F.3d 438, 450 (5th Cir. 2016), cert. denied, 137 S. Ct. 140 (U.S. 2016) (citing Brady, 373 U.S. at 87). Giglio v. United States applies Brady to evidence affecting the credibility

---

[1] Pete names Officer Mike Burns, Officer Bello, and Officer Mark Kraus.

3

of key government witnesses.  See Dvorin, 817 F.3d at 450 (citing Giglio v. United States, 405 U.S. 150 (1972)).

To establish a Brady violation, a defendant must show: (1) the evidence at issue was favorable to the accused, either because it was exculpatory or impeaching; (2) the evidence was suppressed by the prosecution; and (3) the evidence was material.  See Dvorin, 817 F.3d at 450 (citing United States v. Davis, 609 F.3d 663, 696 (5th Cir. 2010), and United States v. Brown, 650 F.3d 581, 587–88 (5th Cir. 2011), cert. den., 566 U.S. 970 (2012)).

The determinative question is whether the evidence was material; that is, whether there is a reasonable probability that, had the evidence been disclosed to the defendant, the result of the proceeding would have been different.  See Wilson v. Whitley, 28 F.3d 433, 434 (5th Cir. 1994), cert. den., 513 U.S. 1091 (1995) (citing United States v. Bagley, 473 U.S. 667, 682 (1985)).  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  See Spence v. Johnson, 80 F.3d 989, 994 (5th Cir. 1996), cert. den., 519 U.S. 1012 (1996) (citing Bagley, 413 U.S. at 682).

Pete contends the information concerning the alleged "pact-alliance" the district judge had with the Lake Charles Police Department was favorable to him because the Lake Charles Police Department and prosecutor fabricated drug charges and "employed suborned perjury from informants" to convict and sentence Pete for non-existent or falsified drug quantities.  Pete's claims are without merit for a number of reasons.

First, Pete has not presented any evidence to prove there was a "pact" between the district judge and the Lake Charles Police Department. Second, Pete has not shown that any of the named Lake Charles police officers were involved in the investigation and prosecution of his criminal case before the district judge. Finally, Pete has not offered any evidence to support his self-serving claim that the police or the Assistant United States Attorney[2] fabricated the drug quantities that were attributed to him.

Pete also contends the district judge's alleged degenerative brain disorder was favorable evidence that should have been disclosed, because it caused her to over-sentence him based on fabricated quantities and inapplicable sentencing enhancements, and to deprive him of a "credit-concurrent sentence" (for the time he served while awaiting sentencing). But, as already discussed, Pete has not offered any evidence to show the drug quantities were fabricated. And as for his claim for sentencing credit, the Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, is given to prisoners for time spent in custody prior to the commencement of their federal sentences. See Washington v. Chandler, 533 Fed. Appx. 460, 461 (5th Cir. 2013) (citing United States v. Wilson, 503 U.S. 329, 331–32, 334 (1992)); see also 18 U.S.C. § 3585 (calculation of sentences). The district court is without authority to award a defendant credit for time served. See United States v. Caraveo-Nunez, 992 F.2d 323, *2 (5th Cir, 1993). However, the Attorney General's decision regarding the calculation of a sentence is reviewable under 28 U.S.C. § 2241.

---

[2] Pete has not alleged there was a "pact" between the office of the United States Attorney and the district judge.

See United States v. Howard, 594 Fed. Appx. 248, 249 (5th Cir. 2015) (citing United States v. Gabor, 905 F.2d 76, 77-78 (5th Cir. 1990)).

Pete has not filed a § 2241 motion to raise his claim of a miscalculated sentence, nor has he shown that he has exhausted his administrative remedies with the Bureau of Prisons.[3] Pete's claim of a miscalculated sentence does not raise a claim cognizable under § 2255.

Conclusory or "purely speculative" claims of Brady violations are insufficient to warrant collateral relief. See Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000), cert. den., 531 U.S. 57 (2000). Pete does not allege any specific facts to show how the district judge's alleged medical condition was unfavorable to him, or otherwise affected the outcome of his criminal proceeding. Moreover, Pete has certainly not alleged or shown that, but for the district judge's alleged medical condition, he would not have pled guilty in 2009, or would have received a lower sentence. Therefore, Pete's § 2255 Motion (Doc. 32) should be denied.

### D. Pete's Motion for Discovery should be denied.

Pete filed a "Motion for Discovery Pursuant to 28 U.S.C. § 2255, Rule 6" (Doc. 235). Because Pete's § 2255 motion is meritless, his Motion for Discovery (Doc. 235) should also be denied.

---

[3] Once a prisoner has exhausted his administrative remedies through the BOP, he may then file a pro se petition for habeas relief under 28 U.S.C. § 2241, challenging the BOP's computation of his sentence. United States v. Setser, 607 F.3d 128, 133 n.3 (5th Cir. 2010), aff'd, 566 U.S. 231 (2012).

III.    <u>Conclusion</u>

Based on the foregoing, IT IS RECOMMENDED that Pete's § 2255 Motion (Doc. 234) and Motion for Discovery (Doc. 235) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F. 3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit

Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __14th__ day of August, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge